UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                        Criminal No. 1:05-cr-10074-PBS

CHARLES CARRINGTON

### MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS IDENTIFICATION

Charles Carrington submits the following Memorandum in Support of the Defendant's Motion to Suppress Identification Evidence.

An in-court identification of a defendant is excludable if tainted by a pre-accusatorial identification procedure that was so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Carbajal*, 956 F.2d 924 (9th Cir. 1992) (citations omitted). The touchstone to the admissibility of an in-court identification is "reliability" of the witness' identification.

> The factors to be considered…include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Manson v. Brathwaite*, 97 S.Ct. 2243, 2253 (1977), citing *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375 at 382 (1972).

In this case, it is clear that the procedure used in Felizberta Monteiro's identification of Charles Carrington was impermissibly suggestive. Ms. Monteiro was driven by the police to the corner of Lochstead Street and Centre Street in Jamaica Plain, where the police had stopped Carrington and placed him in custody. According to police

1

reports, Carrington was uncuffed, given his black jacket and knit cap to put on, and stood alone as officers stepped away from him. It is unclear from the reports how far away the police were from him, how many police were there, and if the truck in which he had been a passenger was visible to the witness. Upon being shown Carrington, Monteiro made a positive identification. (See Police Report attached as Exhibit A). The identification is similar to the "one photograph" identification in *Mason*. In that case the parties conceded that the procedure was suggestive and there were no emergencies or exigencies that created a necessity for the procedure use. *Mason*, 97 S.Ct. at 2250.

This initial identification "taints" any subsequent identifications made by Ms. Monteiro. *See United States v. Foppe*, 993 F.2d 1444, 1450 (9th Cir. 1993). In *Foppe*, the Ninth Circuit held that an in-court identification subsequent to a Fourth Amendment violation must be suppressed if any one of the following elements were derived from the violation: "(1) the witness' presence at trial; (2) the ability of the witness to identify the defendant as the perpetrator of the crime; and (3) the presence of the defendant in the courtroom. (citations omitted)." *Id.* Here, the pre-accusatorial identification procedure was unnecessarily suggestive. The determination remains as to whether the identification is reliable under the factors in *Mason*. This determination can only be made after an evidentiary hearing.

CHARLES CARRINGTON
By his attorney,

/s/ Mark W. Shea
Mark W. Shea
BBO No. 558319
47 Third Street, Suite 201
Cambridge MA  02141-1265
617.577.8722

2

| | | | | |
|---|---|---|---|---|
| EVIDENCE | | PACKET | | |
| IS THERE A SIGNIFICANT M.O | | | | |
| TYPE OF WEAPON-TOOL | NEIGHBORHOOD | TYPE OF BUILDING | PLACE OF ENTRY | YES NO |
| HANDS | COMMERCIAL & RESIDENTIAL | BANK | FRONT DOOR | |
| WEATHER | LIGHTING | TRANSPORTATION OF SUSPECT | VICTIM'S ACTIVITY | |
| CLEAR | NATURAL | TRUCK | WORKING AT BANK | |
| UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR | | RELATIONSHIP TO VICTIM | | |
| I KNOW YOU HAVE AN ARMED GUARD OUTSIDE. GIVE ME ALL YOUE HUNDREDS, FIFTY, AND TWENTIES, AND HURRY UP | | NONE | | |

IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE)

IS THERE ANY OTHER REASON FOR INVESTIGATION (REASON BELOW)

**BLOCK NO. NARRATIVE AND ADDITIONAL INFORMATION**

AT ABOUT 9:17AM ON TUESDAY, DECEMBER 28, 2004, OFFICER HICKS AND OFFICER FENCER WHILE ASSIGNED TO THE JK01D UNIT RESPONDED WITH OFFICER KELLY-CHALAS, AND OFFICER LAMB, FOR A BANK ROBBERY IN PROGRESS AT 315 CENTRE ST (BANK OF AMERICA), JAMAICA PLAIN. THE J201D UNIT, OFFICER KELLY-CHALAS AND OFFICER LAMB, WERE ON SCENE AT 315 CENTRE ST (BANK OF AMERICA), AND WITNESS, JOSE A. YURNET (DOB 4/13/69), GAVE OFFICER LAMB THE SUSPECT VEHICLE REGISTRATION# 125949, AND A DESCRIPTION OF SUSPECT #1. OFFICER LAMB BROADCASTED REGISTRATION# 125949, INFORMED RESPONDING POLICE UNITS THAT IT WAS A TRUCK, HEADING TOWARDS HYDE SQUARE, JP. AND SUSPECT #1 WAS A BLACK MALE, HUSKY BUILD, AND BALD. OFFICER HICKS AND FENCER (JK01D) WERE RESPONDING TO THE INCIDENT LOCATION INBOUND ON CENTER ST., AND OBSERVED A WHITE BOX TRUCK WITH MASSACHUSETTS COMMERCIAL REGISTRATION PLATE# 125949 HEADING OUTBOUND ON CENTRE ST. COMING FROM THE DIRECTION OF HYDE SQUARE, JP. OFFICERS HICKS AND FENCER ACTIVATED LIGHTS AND SIRENS SIGNALING THE WHITE BOX TRUCK WITH MASSACHUSETTS COMMERCIAL REGISTRATION PLATE# 125949 TO PULL OVER. THE WHITE BOX TRUCK WITH MASSACHUSETTS COMMERCIAL REGISTRATION PLATE# 125949 PULLED OVER AT CENTRE ST. AND ROBINWOOD AVE. FACING OUTBOUND ON CENTRE ST. OFFICER HICKS AND FENCER CONDUCTED A FELONY CAR STOP OF THE WHITE BOX TRUCK WITH MASSACHUSETTS COMMERCIAL REGISTRATION PLATE# 125949 AT CENTRE ST. AND ROBINWOOD AVE. OFFICER FENCER ORDERED THE DRIVER/SUSPECT #2, LATER IDENTIFIED AS ALEX HERNANDEZ (DOB 6/14/81), OUT OF THE DRIVER SIDE OF THE MOTOR VEHICLE AT GUN POINT, ORDERED THE DRIVER/SUSPECT# 2 TO STEP BACKWARDS TOWARD OFFICER FENCER, AND SUSPECT #2 WAS PLACED INTO CUSTODY BY OFFICER FENCER. OFFICER HICKS THEN ORDERED THE PASSENGER/SUSPECT #1, LATER IDENTIFIED AS CHARLES L. CARRINGTON (DOB 6/24/66), OUT OF THE PASSENGER SIDE OF THE MOTOR VEHICLE AT GUN POINT, ORDERED THE PASSENGER/SUSPECT #1 TO STEP BACKWARDS TOWARDS OFFICER HICKS, AND SUSPECT #1 WAS PLACED INTO CUSTODY BY OFFICER HOLLEY (J101D UNIT). AS OFFICER HICKS AND OFFICER BURNS (J412D UNIT) CLEARED THE MOTOR VEHICLE PASSENGER AREA FOR ANY OTHER SUSPECT, OFFICER HICKS OBSERVED A BLACK JACKET ON THE PASSENGER SIDE SEAT WITH STACK OF MONEY IN PLANE VIEW INSIDE OF AN OPEN POCKET. OFFICER HICKS REQUESTED DISTRICT E-13 PATROL SUPERVISOR, AND DETECTIVE TO RESPOND TO CENTRE ST / ROBINWOOD AVE. TO INVESTIGATE THE CRIME SCENE. SERGEANT GIFFORD (J906), AND DETECTIVE COFFEY (J813) RESPONDED, AND ORGANIZED A SHOW UP FOR A WITNESS, FELIZBERTA C. MONTEIRO, TO IDENTIFY A POSSIBLE SUSPECT. OFFICER BURNS (J412D UNIT) TRANSPORTED A WITNESS, FELIZBERTA C. MONTEIRO, TO THE CORNER OF LOCHSTEAD ST., AND CENTRE ST. SUSPECT #1, CHARLES L CARRINGTON, WAS UNCUFFED, GIVEN HIS BLACK JACKET, A KNIT CAP LOCATED IN HIS FRONT LEFT POCKET, AND STOOD ALONE AS OFFICERS STEPPED AWAY FROM SUSPECT #1. AS SUSPECT #1 STOOD ALONE THE WITNESS POSITIVELY IDENTIFIED SUSPECT #1, AS THE SUSPECT WHO ROBBED THE BANK OF AMERICA AT 315 CENTRE ST. JP. OFFICERS PLACED CHARLES L. CARRINGTON, AND ALEX HERNANDEZ UNDER ARREST AND TRANSPORTED TO DISTRICT E-13 FOR BOOKING. THE VICTIM/WITNESS, ROSALYND MEDINA, WHO IS PREGNANT REQUESTED MEDICAL ASSISTANCE, AND AMBULANCE 17, EMTS FOLEY / ANDERSON RESPONDED FOR THE EVALUATION. OFFICER HICKS SPOKE WITH OFFICERS LAMB AND OFFICER KELLY-CHALAS WHO INFORMED OFFICER HICKS THAT SUSPECT #1, CHARLES L. CARRINGTON, APPROACHED THE VICTIM/BANK TELLER, ROSALYND MEDINA, AND STATED ACCORDING TO THE VICTIM "I KNOW YOU HAVE AN ARMED GUARD OUTSIDE, GIVE ME ALL YOUR HUNDREDS, FIFTIES, AND TWENTIES, AND HURRY UP!" OFFICER LAMB INFORMED OFFICER HICKS THAT WITNESS, EDWARD THIMAS, STATED THAT HE HEARD SUSPECT #1 STATE "HURRY UP..HURRY UP", AND SEEN THE SUSPECT RUN OUT OF THE BANK. OFFICER LAMB ALSO INFORMED OFFICER HICKS THAT WITNESS, JOSE YURNET, GAVE CHASE TO SUSPECT #1, AND WAS ABLE TO GIVE A DESCRIPTION OF SUSPECT #1 WHO WAS THE PASSENGER, AND SUSPECT #2 WHO WAS THE DRIVER. OFFICER HICKS WAS INFORMED BY OFFICERS LAMB / KELLEY-CHALAS THAT THE WITNESSES GAVE DESCRIPTIONS OF SUSPECT #1. ALSO ON SCENE LIEUTENANT DETECTIVE GARY FRENCH (LA81), SERGEANT DETECTIVE KIM GADDY (J981), SERGEANT HOUSTON (J907), SERGEANT GIFFORD (J906), DETECTIVE COFFEY (J813), OFFICERS KELLY-CHALAS / LAMB (J201D), OFFICERS HOLLEY / MCLAUGHLIN (J101D), OFFICER BURNS (J412D), OFFICER JOHNSON (J421D), OFFICER CASTILLO (JD05), AND OFFICER SPRIGGS (J673D), POLICE OFFICER WHEELER (VD45) FROM I.D. AND PHOTOGRAPHY UNIT RESPONDED. F.B.I. - BANK ROBBERY TASK FORCE AGENT TAMARA N. HARTY RESPONDED (1 CENTER PLAZA, SUITE 600, BOSTON MA 02108, PH# 617-223-6424). THE WHITE BOX TRUCK WITH MASSACHUSETTS COMMERCIAL REGISTRATION PLATE# 125949 WAS TOWED TO AUTO SERVICE AND TIRE FOR SAFE KEEPING (CLAIM# 11205), AND WAS CLEARED TO BE RELEASED TO THE OWNER BY E-13 DETECTIVES. TOW LINE WAS NOTIFIED, AND SPOKE WITH OPERATOR BURGESS. SUSPECT #1, CHARLES L. CARRINGTON, BLACK KNIT CAP WITH WHITE AND GREY STRIPES, AND BLACK JACKET WERE HELD AS EVIDENCE. THE STOLEN BANK MONEY WAS HELD AS EVIDENCE AND TURNED OVER TO LIEUTENANT CALLAHAN TO BE PLACED IN THE E-13 SAFE. AS A RESULT OF FURTHER INVESTIGATION BY LIEUTENANT DETECTIVE FRENCH (LA81), AND SERGEANT DETECTIVE GADDY (J981) SUSPECT #2, ALEX HERNANDEZ, WAS RELEASED FORTHWITH.

| UNIT ASSIGNED | TOUR OF DUTY | REPORTING OFFICER'S NAME | REPORTING OFFICER'S ID | PARTNER'S ID | FI |
|---|---|---|---|---|---|
| JK01D | 2 | BERNARD E HICKS III | 82754 | 12203 | YES |
| DATE OF REPORT | SPECIAL UNITS NOTIFIED (REPORTING) | | | | TELETYPE NO. |
| 12/28/04 | IDENTIFICATION UNIT TOW LOT | | | | |
| TIME COMPLETED | PATROL SUPERVISOR NAME | | PAT. SUP. ID | DUTY SUP. NAME | DUTY. SUP. ID |
| 03:12 PM | | | | TIMOTHY P CALLAHAN | 6578 |