IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | NO. 05-10074-PBS |
| CHARLES CARRINGTON ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States, by and through United States Attorney Michael J. Sullivan and Assistant United States Attorney William H. Connolly, hereby submits this memorandum in opposition to Defendant Charles Carrington's Motion to Dismiss Due to Violation of 18 U.S.C. §4241(d).

**BACKGROUND**

The defendant is charged in a one-count indictment with unarmed bank robbery. It is alleged that on December 28, 2004, at approximately 9:20 a.m., Carrington entered the Bank of America at 315 Centre Street, Jamaica Plain, Massachusetts, approached a teller and stated, "Listen, I know you have a guard with a gun outside. Give me your hundreds, fifties, and twenties, and hurry up!" The teller opened her drawer but activated the alarm before giving the suspect any money. Carrington then allegedly became angry and accused the teller of pulling the alarm. Carrington then reached under the teller

-1-

window and grabbed the money that the teller had taken out and ran out of the bank.  Carrington was apprehended a short distance from the bank in a work truck.

## CARRINGTON'S MOTION

Carrington now moves to dismiss the indictment due to an alleged violation of 18 U.S.C. § 4241(d)(2), which provides in pertinent part:

> If after a hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent . . . the court shall commit the defendant to the custody of the Attorney general.  The Attorney General shall <u>hospitalize</u> the defendant for treatment in a suitable facility - (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit trial to proceed.

18 U.S.C. § 4241(d)(1).  The defendant asserts that he was detained by the Attorney General for longer than four months, in direct violation of the statute.  The defendant further contends that this violation warrants a dismissal of the indictment without prejudice.  The defendant's claim simply fails because the four-month time limitation was not exceeded and even assuming it was, such a violation is not a valid basis for dismissing an otherwise validly-issued indictment.

## RELEVANT FACTS

On August 3, 2006, this Court issued an order committing "defendant Charles Carrington to the custody of the Attorney General for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial of this matter to proceed." [Docket No. 36].  According to the defendant, the Court sent a second copy of the Order to the United States Marshal's Service on or about September 18, 2006.  (It is not clear when a first copy was sent to the Marshal's Service).  According to Hank Sadowski from the Bureau of Prisons, defendant Charles Carrington was entered into the Bureau of Prisons system on September 21, 2006, and was then designated on October 6, 2006.  On October 19, 2006, the defendant arrived in Brooklyn, which, according to Hank Sadowski, is a transportation hub for the Marshal's air carrier (commonly referred to as the airlift).  On October 25, 2006, the defendant arrived by plane in Oklahoma, and on October 26, 2006, the defendant arrived at the United States Medical Center for Federal Prisoners in Springfield, Missouri.

## ARGUMENT

Contrary to the defendant's contention, the four-month limitation imposed by 18 U.S.C. § 4241(d)(1) was not exceeded in this case.  As noted above, the defendant arrived at the federal medical facility on October 26, 2006.  According to a letter to

the Court from the same medical facility, the defendant's "final staffing date [was] scheduled for February 25, 2007."  Assuming the staffing date was complied with, the four-month limitation was honored.  The defendant, however, contends that the defendant's commitment for purposes of section 4241(d)(1) began on August 3, 2006, the date of this Court's Order.  In support of this contention, the defendant points to a Bureau of Prisons policy statement that directs its doctors to treat the beginning of an evaluation period for a custodial defendant as the date a court order is signed.  Whatever significance this policy statement holds, it has no legal affect on the statute at issue.  The statute at issue is clear.  When the court commits a defendant to the custody of the Attorney General, the Attorney General "shall <u>hospitalize</u> the defendant for treatment in a suitable facility . . . not to exceed four months . . ." (emphasis added).  Clearly, the operative word is "hospitalize."  As the defendant has been hospitalized for no more than four months, the statute has not been violated.

Even assuming a violation of the statute's four-month limitation, the defendant points to no authority supporting the extreme sanction of dismissal for an alleged failure by the Attorney General or the Bureau of Prisons to timely release a defendant from a court-ordered hospitalization.  Indeed, in a case cited by the defendant, <u>United States v. Vasquez</u>, 918 F.2d

329 (2nd Cir. 1990), the Second Circuit found that a tenth-month delay between a defendant's request for a competency evaluation and the correctional facility's determination of competency was a "serious institutional error," yet the court held that the negligent delay, coupled with the 26-month delay between indictment and trial, did not deprive the defendant of his <u>constitutional</u> right to a speedy trial under the Sixth Amendment. <u>Vasquez</u>, 918 F.2d at 337-338. (emphasis added). As the delays in <u>Vasquez</u> were far more egregious than the delays in the present case, defendant Carrington's motion to dismiss must be denied.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                            By: <u>/s/ William H. Connolly</u>
                                 WILLIAM H. CONNOLLY
                                 Assistant U.S. Attorney

Date: February 26, 2007