UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.                                                                  Criminal No. 1:05-cr-10074-PBS

CHARLES CARRINGTON


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION STRIKE COMPETENCY DETERMINATION**

**FACTUAL AND PROCEDURAL BACKGROUND**

Charles Carrington was indicted on March 23, 2005 on one charge of bank robbery, and was arraigned on March 31, 2005. On or about April 28, 2005, United States Magistrate Judge Judith G. Dein entered an order releasing Mr. Carrington to inpatient drug treatment. As a result of the inability to place Mr. Carrington into an inpatient drug treatment program, the previous order setting conditions of release was revoked on August 8, 2005 and the defendant was ordered detained pending trial. During the interim the defendant remained in custody, as the order of conditional release was contingent upon direct placement into an inpatient drug treatment facility.

On September 8, 2005, defendant filed a motion to suppress statements, on the basis that the defendant was not competent to waive his Miranda rights. The Government opposed the motion, and a hearing was held over two days, on October 5 and 21, 2005.[1] As a result of competency issues raised at the suppression hearing, the Government filed a motion for psychiatric exam on January 30, 2006. The Court found that there was reasonable cause to believe that the defendant might be suffering from a mental disease or defect rendering him incompetent to stand trial, and ordered a mental competency evaluation in accordance with 18

---

[1] The Court's consideration of the suppress motion has been stayed pending determination of the competency issues.

U.S.C. § 4241(b).

A competency hearing was scheduled for March 17, 2006. However, on that date the parties reported that an examiner had not yet been appointed, and the Court ordered the parties to confer and submit a proposed order with the examiner's name to the court. The proposed order was filed and, on April 4, 2006, Thomas G. Gutheil, M.D., was appointed to evaluate the defendant. The evaluation did not occur until July 11, 2006, and a report was subsequently filed.

On July 19, 2006, after a hearing in accordance with 18 U.S.C. §§ 4241(c) and 4247(d), the Court found defendant to be incompetent to stand trial, and on August 3, 2006 committed defendant to the custody of the Attorney General in accordance with 18 U.S.C. § 4241(d). The statute provides that, if the defendant is determined to be incompetent, the court shall commit the defendant to the custody of the Attorney General for a reasonable period of time, not to exceed four months, in order to determine whether "there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1).

The defendant, who was being detained at the Plymouth County Correctional Facility "PCCF"), was not immediately transported to a federal Psychiatric Referral Center, but remained in incarcerated at Plymouth. Defendant's counsel attempted to have him moved to a Psychiatric Referral Center on several occasions. In that regards, the courtroom clerk sent a second copy of the August 3rd order to the U.S. Marshal Service on or about September 18, 2006. Nonetheless, the defendant remained at PCCF. On October 10, 2006, defendant's counsel filed a motion to compel his transfer, which was allowed the following day. On October 26, 2006, the defendant was received at the U.S. Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri.

The Court held a status conference on November 16, 2006 at which defense counsel argued that the four-month period for evaluation began to run as of the date of the original court

order, August 3, 2006.[2] Counsel for the government maintained that the time period did not begin until Carrington was received at MCFP, namely October 26, 2006. A further status conference was held on February 14, 2007, at which counsel for the defendant orally moved for his release. No report or determination from MCFP regarding the competency of the defendant had been filed by that date. Additionally, no motion or request to permit the defendant's continued hospitalization pursuant to 18 U.S.C. § 4241(d)(2)[3] was filed.

On February 21, 2007, defendant filed a motion to dismiss the charges for violation of his due process rights due to his continued confinement at the MCFP (docket entry 42). After hearing on February 27, 2007, the Court denied defendant's motion, but ordered the defendant immediate release to the custody of the U.S. Marshal Service (docket entry 48). Mr. Carrington did not arrive at the Wyatt Detention Facility in Rhode Island until on or about March 14, 2007.[4]

By correspondence dated March 9, 2007, the MCFP filed a certificate with the court finding the defendant competent. The defendant maintains that the failure to file the report until that date, over seven months after this court's August 3, 2006 commitment order, violated the provisions of 18 U.S.C. § 4241 as well as Mr. Carrington's due process rights. As a result, defendant respectfully requests that the certificate be struck.

## ARGUMENT

**I.    The report should be struck because the provisions of 18 U.S.C. § 4241 were not followed.**

The treatment of mentally incompetent federal criminal defendants is governed by the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-47. Section 4241(a) provides that, at

---

[2] Immediately prior to the hearing, defense counsel spoke with the treating doctor at MCFP by telephone and informed her that he would be arguing that the terms of 18 U.S.C. § 4241(d) limited them to a four-month period for the evaluation, namely August 3, 2006 to December 3, 2006.
[3] The statute provides that a defendant may be hospitalized for an additional reasonable period of time, beyond four months, until "his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed. 18 U.S.C. § 4241(d)(2)(A).
[4] Undersigned counsel does not know the exact date that Carrington was released from the Bureau of Prisons, or how long he was in transit from Missouri to Rhode Island.

3

any time after the commencement of a prosecution and prior to the sentencing of a defendant, the court shall order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Section 4241(d) provides for the temporary custody of a defendant judged incompetent to stand trial. The section permits federal custody and treatment of the individual for four months, which Congress deemed adequate to determine the probability that the individual would regain competence in the foreseeable future. The four month limit under 18 U.S.C. § 4241(d)(1) may be extended for an "additional reasonable period" of time if the court makes an explicit finding that there is a "substantial probability" that the defendant will attain the capacity to permit the trial to proceed within the additional time. 18 U.S.C. § 4241(d)(2).[5]

18 U.S.C. § 4241(e) provides that, "[w]hen the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that with the clerk of the court that ordered the commitment." In this case, as defendant argued in his motion to dismiss, Carrington's confinement was not in compliance with the provisions of §

---

[5] 18 U.S.C. § 4241(d) provides as follows: If [after a competency hearing], the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility –
(1) for such a reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and
(2) for an *additional reasonable period of time* until –
(A) his mental condition is so improved that the trial may proceed, *if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed*; or
(B) the pending charges against him are disposed of according to law;
*whichever is earlier*.
18 U.S.C. § 4241(d) (emphasis added).

4

4241. He was in the custody of the Attorney General from August 3, 2006, the date of this Court's order of commitment. *See* United States v. Trillo-Cerda, 244 F.Supp.2d 1065, 1068 (S.D. Cal. 2002) (defendant was "hospitalized" for purposes of determination, in civil commitment proceedings, as to whether he presented a substantial risk of danger, even though he was not currently physically confined in treatment medical center). Moreover, the Bureau of Prisons own policy states: "Time frames for completion of forensic evaluations are specified in statute; strict adherence to established time frames is required. Time frames specified by statute are for <u>custody of the inmate</u>. Therefore, unless otherwise specified in the court order or unless the inmate is not in custody prior to arrival at an institution (i.e., a self-surrender), <u>the time of the evaluation begins on the date the court order is signed</u>." Bureau of Prisons Psychology Services Manual, Program Statement 5310.12, ch. 9 at 3, available at www.bop.gov (first emphasis in original, second emphasis added) (Att. A).

Thus, Carrington was in the custody of the Attorney General for over seven months before the certificate was filed. However, § 4241(d)(1) normally cuts off custody after four months. There was no finding by the Court pursuant to § 4241(d)(2) of a substantial probability that Carrington would attain a level of competency within an additional reasonable time so as to permit the trial to proceed, and no request for additional time was been made by the Government. Thus, after December 3, 2006, Carrington was not properly in custody of the Attorney General under either prong of § 4241. *See* United States v. Baker, 807 F.2d 1315, 1320 (6th Cir. 1986) (18 U.S.C. § 4241(d) "requires that a determination as to the individual's mental condition be made within four months, and … the individual cannot be held pursuant to section 4241 in excess of four months unless the court finds that the individual is likely to attain competency within a reasonable time.").

Congress has provided that, after the expiration of the time limit set by § 4241, federal custody can only be continued if efforts are first made to find a state treatment facility for the individual. 18 U.S.C. § 4246(d). Section 4241(d) concludes with the following: "If, at the end

5

of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246." As discussed above, no such determination was made at the end of the four-month time period. Thus, Carrington is not subject to the provisions of § 4246.

The noncompliance with the statute is not a mere technicality – it is directly contrary to Congress' command. In Jackson, *supra*, the Supreme Court faced the general issue of committing those found incompetent to stand trial. While it rejected indefinite commitment, it upheld in principle commitment for a "reasonable period of time necessary to determine whether there is a substantial probability that [the defendant] will attain that capacity in the foreseeable future." Jackson, 406 U.S. at 738, 92 S.Ct. 1845. The present statute "is self-evidently built upon Jackson, Congress having concluded that four months fell within the concept of a 'reasonable period.' *See* S.Rep. No. 98-225, at 236 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3418." United States v. Filippi, 211 F.3d 649, 652 (1st Cir. 2000). Mr. Carrington's procedural due process rights were violated. As a result, he requests this Court to dismiss his case.

**II.     Striking the report is the proper remedy for violation of the statute.**

The delay in this case was unreasonable and unjustified. Mr. Carrington sat idle in a jail cell for over eighty days awaiting transfer to the MCFP. Mr. Carrington was essentially punished for being incompetent. The delay not only prolonged his loss of freedom, but it also has prolonged his wait for the ultimate resolution of his case.

Counsel for defendant specifically addressed the four-month period with the treating doctor at MCFP, over two weeks before the four-month period elapsed. The facility was free to request additional time pursuant to 18 U.S.C. § 4241(d)(2), yet chose not to do so. They also did not request additional time after the court ordered his immediate release on February 27, 2007.

Consequently, striking the report is a reasonable and appropriate remedy and will put

the government on notice that such delays cannot be tolerated in our system of justice.

## CONCLUSION

Based upon the foregoing arguments, Charles Carrington respectfully requests that the discharge certificate from MCFP be struck.


Respectfully submitted,
CHARLES CARRINGTON
By his attorney

/s/ MARK W. SHEA                    Dated:  March 22, 2007
Mark W. Shea
BBO No. 558319
Shea, LaRocque & Wood, LLP
47 Third Street, Suite 201
Cambridge MA  02141-1265
617.577.8722

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 22, 2007.

/s/ Mark W. Shea
MARK W. SHEA